♦AO 245D   (Rev. 12/03) Judgment in a Criminal Case for Revocations (Rev. USAO 10/2004)
              Sheet 1

# UNITED STATES DISTRICT COURT

|   |   |   |
|---|---|---|
| __WESTERN__ | District of | __WASHINGTON__ |

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| RICHARD DEAN MEANS, JR. | Case Number:   CR05-5563RBL |
|  | USM Number:   14562-097 |
|  | Miriam Schwartz |
|  | Defendant's Attorney |

**THE DEFENDANT:**

■ admitted guilt to violation of condition(s)  as set forth below  of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| #1 | Possession of a Firearm by a Felon | July 25, 2005 |
| #2 | Use of Controlled Substances | July 15, 2005 |
| #3 | Failure to Participate in Random Drug Testing Program | July 22, 2005 |

The defendant is sentenced as provided in pages 2 through  9  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:   **XXX-XX-0360**
(Last four digits only)
Defendant's Date of Birth:   **XX-XX-1984**

Defendant's Residence Address:

6804 227th Street, Court East

Spanaway, Washington 98387

Defendant's Mailing Address:

Same

05-CR-05563-JGM

Annette L. Hayes
Assistant United States Attorney

September 29, 2005
Date of Imposition of Judgment

Signature of Judge

RONALD B. LEIGHTON, United States District Judge
Name and Title of Judge

October 13, 2005
Date

AO 245D   (Rev. 12/03 Judgment in a Criminal Case for Revocations
            Sheet 2— Imprisonment

|  |  |
|---|---|
| DEFENDANT: RICHARD DEAN MEANS, JR. | Judgment — Page 2 of 9 |
| CASE NUMBER: CR05-5563RBL |  |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :   Twelve (12) months plus one (1) day.

☐ The court makes the following recommendations to the Bureau of Prisons:

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D  (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page __3__ of __9__

DEFENDANT: RICHARD DEAN MEANS, JR.
CASE NUMBER: CR05-5563RBL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : __Six (6) Months.__

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| DEFENDANT: RICHARD DEAN MEANS, JR. | Judgment—Page 4 of 9 |
| CASE NUMBER: CR05-5563RBL | |

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution order by this judgment is paid in full, unless the defendant obtains approval of the U.S. probation Office.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in a correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse.

6. As directed by the probation officer, the defendant shall participate in a program of testing (i.e., breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

7. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

8. The defendant shall not possess or use a computer to access personal information of others or purchase any merchandise.

9. The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him.

AO 245D     (Rev. 12/03) Judgment in a Criminal Case for Revocations
            Sheet 3C — Supervised Release

DEFENDANT:       RICHARD DEAN MEANS, JR.
CASE NUMBER:     CR05-5563RBL

Judgment  Page  5  of  9

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant, upon completion of the term of imprisonment set forth above, shall serve a total term of six (6) months of community confinement in a half way house with work release privileges as directed by his U.S. Probation Officer.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page 6 of 9 |
|---|---|---|
| DEFENDANT: | RICHARD DEAN MEANS, JR. | |
| CASE NUMBER: | CR05-5563RBL | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 4,750.16 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Pages 7 and 8 | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ■ the interest requirement is waived for the   ☐ fine   ■ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 5B -   Criminal Monetary Penalties

Judgment - Page 7 of 9

DEFENDANT:      RICHARD DEAN MEANS, JR.
CASE NUMBER:    CR05-5563RBL

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Capitol One<br>Attention: Fraud Operations<br>P.O. Box 155248<br>Fort Worth, Texas 76155 | $1,336.96 | $1,336.96 | |
| Dreammates.com<br>9768 107th Street, Suite 538<br>Edmonton, Alberta, Canada T5T5L4 | $44.91 | $44.91 | |
| Famous Footwear<br>Attention: Loss/Claims<br>7010 Mineral Point Road<br>Madison, Wisconsin 53717 | $114.57 | $114.57 | |
| Fredericks of Hollywood<br>Attention: Sales Audit<br>6608 Hollywood Blvd.<br>Hollywood, California 90028 | $431.75 | $431.75 | |
| Greyhound Lines | $81.00 | $81.00 | |
| IdillCS.com<br>Attention: Legal Department<br>2200 Southwest 10th Street<br>Deerfield Beach, FL 33442 | $29.95 | $29.95 | |
| Justmossanite<br>Attention: Leland at Amoissanite<br>424 East Central Blvd.<br>Orlando, FL 32801 | $1,298.00 | $1,298.00 | |
| Metro PCS Wireless<br>8144 Walnut Hill Lane, Suite 800<br>Dallas, Texas 75231 | $140.00 | $140.00 | |
| NetFlix<br>2219 Oakland Road<br>San Jose, California 95161 | $819.45 | $819.45 | |
| NetZero, Incorporated | $9.95 | $9.95 | |

\* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __9__

| DEFENDANT: | RICHARD DEAN MEANS, JR. | | |
|---|---|---|---|
| CASE NUMBER: | CR05-5563RBL | | |
| Surewest Wireless | | $193.62 | $193.62 |
| Attention: Claims | | | |
| 200 Vernon Street | | | |
| Roseland, California 95678 | | | |
| | | | |
| Verizon Wireless | | $150.00 | $150.00 |
| Attention: Legal Department | | | |
| 15505 Sand Canyon Avenue | | | |
| Irvine, California 95833 | | | |
| | | | |
| Wells Fargo Bank | | $100.00 | $100.00 |
| Attention: Susan Johnson | | | |
| 85 Cleveland Road, 2d Floor | | | |
| Pleasant Hill, California 94523 | | | |
| | | | |
| **TOTALS:** | | **$4,750.16** | **$4,750.16** |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

■ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid:

   ■ During the period of imprisonment, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

   ■ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

   ☐ During the period of probation, in monthly installments amounting to not less than _____% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

   ■ **The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible.**

   ■ **The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO      (Rev. 12/03) Judgment in a Criminal Case for Revocations
        Sheet 6A — Schedule of Payments

Judgment—Page 9 of 9

DEFENDANT:    RICHARD DEAN MEANS, JR.
CASE NUMBER:  CR05-5563RBL

## ADDITIONAL DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant numbers) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| U.S. v. Tanya Monique Curtis, et al<br>CR03-00259-01WBS - CAED | $4,750.16 | $4,750.16 | |